UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRINCE PRINCE,

                    Petitioner,

        v.

KRISTI NOEM, *et al.*,

                    Respondents.

CASE NO. 2:26-cv-00533-GJL

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner Prince Prince ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On January 16, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention and injunctive relief. *Id.*

Respondents to the Petition include Kristi Noem (Secretary of the U.S. Department of Homeland Security ("DHS")), Pamela Bondi (U.S. Attorney General), Todd Lyons (Acting Director of ICE), Laura Hermosillo (Acting Field Office Director for ICE's Seattle Field Office), and Bruce Scott (Warden of the NWIPC), (collectively "Respondents"). The Petition has been

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

fully briefed. Dkts. 1, 5, 8. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition and **ORDERS** Petitioner's immediate release.

## I.    BACKGROUND

Petitioner, a native and citizen of India, entered the United States on or about April 30, 2023, at age seventeen.[1] Dkt. 7 at ¶ 3. Petitioner was apprehended by U.S. Border Patrol officers with Customs and Border Protection ("CBP") and designated an Unaccompanied Alien Child ("UAC"). Dkt. 7 at ¶ 3; Dkt. 8 at 1. On May 1, 2023, Petitioner was determined to be inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and issued a Notice to Appear before an immigration judge ("IJ").[2] Dkt. 7 at ¶ 3; Dkt. 6-4 at 3. Petitioner was subsequently transferred to the Office of Refugee Resettlement ("ORR") within the Department of Health and Human Services ("DHHS"). Dkt. 7 at ¶¶ 5, 6; Dkt. 6-1 .ORR released Petitioner from custody and into the care of an unrelated sponsor on May 24, 2023. *Id.* On December 22, 2023, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. Dkt. 7 at ¶ 7.

On February 8, 2026, Petitioner encountered CBP officers at the Blaine, Washington, Peace Arch Port of Entry. Dkt. 6-4 at 3. Petitioner did not have valid travel documentation with him and informed the officers that he had gotten lost and accidentally reached the Canadian

---

[1] The Petition alleges Petitioner initially entered the United States on March 25, 2023, Dkt. 1 at ¶ 8, and Respondents allege he entered the country on April 30, 2023, as indicated on Petitioner's I-213 Form. Dkt. 7 at ¶ 3; Dkt. 6-4 at 3. Petitioner does not challenge this date in his Traverse, nor is the specific date of entry material to the Court's decision. *See* Dkt. 8 (acknowledging "Respondents' Return confirms the core chronology relevant to this habeas petition").

[2] The 2023 Notice to Appear, the superseding Notice to Appear issued by CBP on February 8, 2026, and the subsequent rejection of the February 8, 2026, Notice to Appear by the immigration court are described in the Declaration of Deportation Officer Yralees Melendez's, Dkt. 7, but have not been provided to the Court for review.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

border. *Id.* Petitioner provided paperwork showing he had been refused entry into Canada. *Id.*; Dkt. 6-3. The CBP officers' review of Petitioner's immigration history indicated that his 2023 Notice to Appear had not been filed when ORR released him from custody, resulting in "the case appear[ing] to be a failure to prosecute." Dkt. 6-4 at 3. CBP detained Petitioner and transferred him to NWIPC. Dkt. 7 at ¶ 8; Dkt. 6-5.

That same day, Petitioner was issued a Form I-200, Warrant for Arrest of Alien, and Form I-286, Notice of Custody Determination. Dkt. 6-5. Respondents allege Petitioner was also served a superseding Notice to Appear charging him with inadmissibility under INA Section 212(a)(6)(A)(i) on February 8, 2026, but this Notice to Appear was rejected by the immigration court for unknown reasons. Dkt. 7 at ¶ 8.

On February 10, 2026, Petitioner was served with another superseding Notice to Appear by ICE, still charging inadmissibility under INA Section 212(a)(6)(A)(i). Dkt. 6-2. The Notice to Appear identified him as a "[noncitizen] present in the United States who has not been admitted or paroled." Dkt. No. 6-2 at 2. The Notice to Appear did not designate Petitioner as an "arriving alien." *Id*. Plaintiff is represented by counsel in his immigration proceedings, and he had a hearing scheduled for March 11, 2026. Dkt. 7 at ¶ 11. Per the parties' briefing, Petitioner remains detained at NWIPC, he has not requested a bond hearing, and his asylum application remains pending. Dkt. 7 at ¶¶ 7, 12, 13.

## II.    PROCEDURAL HISTORY

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on February 13, 2026. Dkt. 1. Petitioner alleges Respondents violated his constitutional guarantees of due process under the Fifth Amendment by re-detaining him without notice and a pre-deprivation hearing. Dkt. 1 at

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

9. On March 3, 2026, Respondents filed a Return arguing Petitioner's re-arrest was lawful and satisfied due process requirements. Dkt. 5. On March 9, 2026, Petitioner filed a Traverse. Dkt. 8.

Having reviewed the parties' arguments, the factual record, and the relevant legal authority, the Court concludes that Petitioner did not receive constitutionally adequate process and **GRANTS** habeas relief for the following reasons.

### III.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

//

//

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

## IV.    DISCUSSION

At the outset, Respondents argues Petitioner is an "applicant for admission" subject to mandatory detention under §1225(b) of the INA and thus without entitlement to pre-deprivation process.[3] Dkt. 5–7. However, Respondents effectively concede "that courts in this District, including this Court, have reached the opposite result." Dkt. 5 at 6–7 (citing *G.R.R. v. Hermosillo*, 2:26-cv-00097-GJL, 2026 WL 395268, at *2 (W.D. Wash. Feb. 12, 2026)); *see also Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025). Respondents further acknowledge at least one court has found § 1225 is entirely inapplicable to individuals, like Petitioner, who initially entered the United States as a UAC.[4] *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) (determining detention of UACs are governed by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") rather than § 1225 of the INA); *see also Caisa Telenchana v. Hermosillo*, 2:26-cv-00363-GJL, 2006 WL 696806, at *10 (W.D. Wash. March 12, 2026). Indeed, courts in this District have consistently declined to adopt the Respondents' expansive construction of § 1225(b)'s mandatory detention framework, and their reasoning applies with equal force to Petitioner.[5] *See Singh v. Bondi*, No. 26-cv-00369-

---

[3] Respondents have not addressed the factual circumstances surrounding Petitioner's re-detention relative to Petitioner's re-detention, i.e. being detained at the border without actually having entered Canada or the Government's failure to prosecute Petitioner's initial Notice to Appear. As set forth below, irrespective of whether re-detention was authorized or warranted, the Constitution guarantees notice and an opportunity to be heard before Petitioner can be removed from his home, family, and community, and Respondents failed to afford these protections to Petitioner.

[4] Respondents "respectfully disagree" with the holding in *Gabriel Garcia*, while making no attempt to reconcile the TVPRA with mandatory detention under § 1225 or to distinguish *Gabriel Garcia* from the case at bar. Dkt. 5 at 7.

[5] Respondents' mandatory detention argument relies in part on the Fifth Circuit Court of Appeals' recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), as support for their mandatory detention argument under Section 1225(b). *See* Dkt. 5 at 6. However, with respect to the Fifth Circuit, this split decision is not binding on this Court, nor is it consistent with this Court's view of the statutory text and relevant Ninth Circuit and Supreme Court authority interpreting it.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

MLP, 2026 WL 538414, at *2 (W.D. Wash. Feb. 26, 2026) (citing *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. Sept. 30, 2025) (rejecting the Government's position that § 1225(b) applies to all applicants for admission and declining to treat a long-present noncitizen as subject to that scheme); *G.S.*, 2026 WL 179962, at *3 n.2 (W.D. Wash. Jan. 22, 2026); *P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988 (W.D. Wash. Nov. 26, 2025).

Moreover, Respondents' statutory authority to detain does not validate an invasion of Petitioners' liberty interests without constitutionally guaranteed process. *Shinwari v. Hermosillo*, No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *3 (W.D. Wash. Jan. 30, 2026) ("As multiple courts in this district have found in similar cases, even if a particular statute or regulation does not require a pre-arrest hearing in these specific circumstances, this does not mean such a hearing is not required by Due Process.") (citations and quotations omitted); *P.T.*, 2025 WL 3294988, at *2 ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained.").

The central issue here is *the process* by which re-detention occurred, not whether it was warranted. *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136–37 (W.D. Wash. 2025) ("[T]he fact that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."); *Yildirim v. Hermosillo*, No. 25-cv-2696-KKE, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to the justification for the petitioner's re-detention should have been resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 6

Applying the *Mathews* balancing test to Petitioner's re-detention, all three factors weigh in favor of Petitioner.[6] First, Petitioner's re-detention and continued custody weeks later undoubtedly constitutes a deprivation of Petitioner's interest in his liberty. Petitioner's initial release only strengthened his liberty interest in remaining free from detention, and Respondents have not presented any evidence that Petitioner's interest diminished thereafter. *See G.R.R. v. Hermosillo*, No. 2:26-cv-00097-GJL, 2026 WL395268, at *3 (W.D. Wash. Feb. 12, 2026).

Second, the absence of pre-deprivation due process created an unacceptably high risk of erroneous deprivation as Petitioner was not afforded either the opportunity to be heard or a neutral adjudication on the justification for his re-detention. Respondents contend there were sufficient safeguards against Petitioner's arbitrary detention given the existing "statutory procedures, including post-arrest notice via Form I-286 and administrative review." Dkt. 5 at 8. However, post-deprivation process cannot adequately serve as a procedural safeguard because, even if it results in Petitioner's release from custody, "he will have already suffered the harm that is the subject of his [claim]: that is, his potentially erroneous detention." *Domingo v. Kaiser*, No. C25-5893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (finding prompt post-detention bond hearing under 8 U.S.C. § 1226(a) insufficient to prevent harm from preceding erroneous detention); *see also E.A. T.-B.*, 795 F. Supp. 3d at 1324 ("Although the Government notes that

---

[6] The application of the *Mathews* factors to the case at bar is consistent with a high volume of similar cases within this District. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24 (W.D. Wash. 2025); *Ramirez Tesara*, 800 F. Supp. 3d at 1136–37; *Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2025 WL 2677089, at *3–4 (W.D. Wash. Sept. 17, 2025); *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *7–9 (W.D. Wash. Oct. 7, 2025); *P.T.*, No. 2025 WL 3294988, at *2–4; *Francois v. Wamsley*, No. 25-cv-2122-RSM, 2025 WL 3496557, at *3–4 (W.D. Wash. Dec. 5, 2025); *Manuel v. Hermosillo*, No. 25-cv-2353-TL-MLP, 2025 WL 3690778, at *2 (W.D. Wash. Dec. 10, 2025), *report and recommendation adopted*, No. 25-cv-2353-TL-MLP, 2025 WL 3697277 (W.D. Wash. Dec. 19, 2025); *A.C.J. v. Hermosillo*, No. 2:25-cv-02486-DGE, 2026 WL 73857, at *3–5 (W.D. Wash. Jan. 9, 2026); *Perez v. Hermosillo*, No. 25-cv-2542-RSM, 2026 WL 100735, at *6 (W.D. Wash. Jan. 14, 2026); *Yildirim v. Hermosillo*, 2026 WL 111358, at *2–4; *G.S.*, 2026 WL 179962, at *3; *Torres v. Hermosillo*, No. 2:25-CV-02687-LK, 2026 WL 145715, at *6–8 (W.D. Wash. Jan. 20, 2026); *Shinwari*, 2026 WL 262605, at *3–4.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 7

Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

And third, the governmental interest in Petitioner's re-detention without a hearing is minimal or non-existent. Respondents' argument that providing pre-detention hearings "would impose significant administrative and fiscal costs on DHS" is unavailing. Dkt. 5 at 8. Here again, this Court joins the other courts in this District and finds the liberty interests at stake outweigh the modest costs and inconveniences associated with a pre-deprivation custody hearing. *Singh*, 2026 WL 538414, at *2 ("Custody hearings are already routine, and courts in this District have found the marginal administrative burden of such hearings to be modest and outweighed by the liberty interest at stake.") (citing *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzales*, 2025 WL 2841574, at *8); *Sarwari v. Wamsley*, No. 2:26-cv-00121-TL, 2026 WL 279968, at *6 (W.D. Wash. Feb. 3, 2026); *Tzafir v. Bondi*, No. 25-cv-02126-JHC, 2026 WL 81759, at *5 (W.D. Wash. Jan. 12, 2026) (finding Government's interest in detaining a petitioner without a hearing is low given that hearings in immigration court are routine and impose minimal costs).

Accordingly, the Court finds that, in re-detaining him without prior notice and an opportunity to be heard, Respondents violated Petitioner's procedural due process rights. Petitioner is, therefore, entitled to habeas relief and immediate release from custody.[7]

---

[7] To the extent Petitioners seek additional forms of relief, those requests have not been sufficiently briefed. Accordingly, the Court awards release from custody as set forth below in a manner consistent with the relief fashioned by other courts in this District. *See, e.g., Shinwari*, 2026 WL 262605, at *4 (ordering petitioners shall not be re-detained "unless and until" they are provided "with 10 days' written notice and a meaningful opportunity to be heard before an immigration judge to determine whether detention is appropriate."); *E.A. T.-B.*, 795 F. Supp. 3d at 1324 (ordering that petitioner "may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate"); *Francois*, 2025 WL 3063251 at *4 (ordering that petitioners "may not be re-detained until an immigration court hearing is held, with adequate notice, to determine

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8

## V.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1)   Petitioner's habeas Petition, Dkt. 1, is **GRANTED**;

(2)   Respondents **SHALL release** Petitioner from custody **within 24 hours** of the issuance of this Order under the conditions of his prior release, if any;

(3)   Respondents **SHALL NOT re-detain** Petitioners without advance written notice and a pre-detention hearing before a neutral decisionmaker; and

(4)   Respondents **SHALL** file a status report due within **48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition.

Dated this 16th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

---

whether detention is appropriate."); *but see Torres*, 2026 WL 145715, at *8 (denying permanent injunction where petitioner failed to allege facts demonstrating threat of future harm).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 9